## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

LYNDON ABERNATHY,

                Petitioner,             Case Number: 2:14-CV-11605
                                        HONORABLE MARIANNE O. BATTANI

v.

CATHLEEN STODDARD,

                Respondent.

_____/

## OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

This is a habeas case filed under 28 U.S.C. § 2254. Petitioner Lyndon Abernathy (Petitioner) is a state inmate currently incarcerated at the Carson City Correctional Facility in Carson City, Michigan. He challenges his conviction for second-degree home invasion. The claims raised do not provide a ground on which habeas relief may be granted. Therefore, the petition will be dismissed.

## I.

Petitioner's convictions arise from a home invasion in the Ypsilanti, Michigan on November 22, 2010. On that date, Angela Sherbine left her home a few minutes before 9:00 a.m. She returned to her home between 10:30 and 11:30 a.m. When she entered her home, she found her bedroom in disarray. Coins, jewelry and a pillow case were missing from the home. Petitioner was apprehended a short time later. Jewelry, a silver dollar, a few Kennedy half dollars, and a shard of glass were seized from Petitioner's vehicle.

Sherbine was later shown photographs of items taken from Petitioner's vehicle and identified the items in the photographs as her missing property.

Petitioner testified in his own defense. He admitted being in possession of the jewelry seized from his vehicle, but denied obtaining it from Sherbine's home. Instead, he explained, he received the stolen goods from a dancer named Sunshine who owed him $150. He and Sunshine met in the parking lot of a party store where she was supposed to give Petitioner cash. When he got there, she said she did not have cash and gave him a pillow case containing jewelry.

## II.

Petitioner was found guilty by a jury in Washtenaw County Circuit Court of second-degree home invasion. On December 12, 2011, he was sentenced to 8 to 15 years' in prison.

Petitioner filed an appeal in the Michigan Court of Appeals, raising claims that the trial court erred in refusing to suppress evidence discovered during a search of his car and that, without that evidence, there was insufficient evidence to support his conviction. The Michigan Court of Appeals affirmed Petitioner's convictions. People v. Abernathy, No. 309961, 2013 WL 1165248 (Mich. Ct. App. March 21, 2013). Petitioner then filed an application for leave to appeal in the Michigan Supreme Court, which was denied. People v. Abernathy, 495 Mich. 859 (Mich. Sept. 18, 2013).

Petitioner then filed the pending habeas corpus petition. He raises these claims:

I.    By placing the GPS tracking device on defendant's car without a search warrant, the police violated Defendant's Fourth Amendment rights against unreasonable search and seizure.

II.   Considering all the evidence, the officers lacked probable cause to arrest and search Mr. Abernathy.

III.  The competent evidence was not sufficient to overcome the presumption of innocence.

### III.

### A.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief."  Rule 4, Rules Governing Section 2254 cases.  If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition.  McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").  The habeas petition does not present grounds which may establish the violation of a federal constitutional right, therefore, the petition will be dismissed.

### B.

28 U.S.C. § 2254(d) imposes the following standard of review on federal courts reviewing applications for a writ of habeas corpus:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings

3

unless the adjudication of the claim –

(1)    resulted in a decision that was contrary to, or involved an
unreasonable application of, clearly established Federal law, as determined
by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable
determination of the facts in light of the evidence presented in the State
court proceedings.

28 U.S.C. § 2254(d).  Therefore, federal courts are bound by a state court's adjudication

of a petitioner's claims unless the state court's decision was contrary to or involved an

unreasonable application of clearly established federal law.  Franklin v. Francis, 144 F.3d

429 (6th Cir. 1998).  Additionally, this court must presume the correctness of state court

factual determinations.  28 U.S.C. § 2254(e)(1).

    The United States Supreme Court has explained the proper application of the

"contrary to" clause as follows:

    A state-court decision will certainly be contrary to [the Supreme Court's]
    clearly established precedent if the state court applies a rule that contradicts
    the governing law set forth in our cases. . . .

    A state-court decision will also be contrary to this Court's clearly
    established precedent if the state court confronts a set of facts that are
    materially indistinguishable from a decision of this Court and nevertheless
    arrives at a result different from [the Court's] precedent.

Williams v. Taylor, 529 U.S. 362, 405-06 (2000).

    With respect to the "unreasonable application" clause of § 2254(d)(1), the United

States Supreme Court held that a federal court should analyze a claim for habeas corpus

relief under the "unreasonable application" clause when "a state-court decision

4

unreasonably applies the law of this Court to the facts of a prisoner's case." <u>Id</u>. at 409.

The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . .
>
> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable.

<u>Id</u>. at 410-11.

### IV.

### A.  Fourth Amendment Claims

In his first and second habeas claims, Petitioner argues that the trial court erred in admitting evidence taken from his vehicle because the GPS tracking device used to track his movements was placed without a warrant, and, absent the GPS tracking information, police lacked probable cause to stop his vehicle.

The Supreme Court has held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial."  *Stone v. Powell*, 428 U.S. 465, 494-95 (1976). The Sixth Circuit Court of Appeals utilizes a two-step analysis to determine whether a

defendant was given a full and fair opportunity to litigate a Fourth Amendment claim in

state court:

> First, the court must determine whether the state procedural mechanism, in
> the abstract, presents the opportunity to raise a fourth amendment claim.
> Second, the court must determine whether presentation of the claim was in
> fact frustrated because of a failure of that mechanism.

Machacek v. Hofbauer, 213 F.3d 947, 952 (6th Cir. 2000) (internal quotations omitted).

"Michigan has a procedural mechanism which presents an adequate opportunity

for a criminal defendant to raise a Fourth Amendment claim." Robinson v. Jackson, 366

F. Supp. 2d 524, 527 (E.D. Mich. 2005). This procedural mechanism is a motion to

suppress, ordinarily filed before trial. See People v. Ferguson, 376 Mich. 90 (Mich.

1965) (describing the availability of a pre-trial motion to suppress). Because Michigan

provides a procedural mechanism for raising a Fourth Amendment claim, Petitioner may

only demonstrate entitlement to relief if he establishes that presentation of his claim was

frustrated by a failure of that mechanism. This he has not done.

Petitioner filed a motion to suppress this evidence, which the trial court denied.

Petitioner then raised this issue on direct appeal. The Michigan Court of Appeals

addressed the issue and found that, although the use of the GPS device without a warrant

was improper, the police officers acted in good faith and the exclusionary rule did not

apply. Abernathy, 2013 WL 1165248 at *6-7. The Michigan Supreme Court denied

leave to appeal. People v. Abernathy, 495 Mich. 859 (Mich. Sept. 18, 2013). Petitioner

was provided an opportunity for full and fair litigation of his Fourth Amendment claim in

the Michigan courts.  His disagreement with the state courts' conclusions on his Fourth

Amendment claim does not render the state's procedural mechanism inadequate.

Accordingly, Petitioner's claims for habeas relief on the basis of the trial court's failure to

exclude evidence obtained in violation of petitioner's Fourth Amendment rights are barred

from habeas review and denied.

## B.  Sufficiency of the Evidence

In his third claim, Petitioner argues that, if evidence obtained from his vehicle was

suppressed, insufficient evidence was presented to sustain his convictions.  The trial court

did not suppress that evidence and, as discussed above, because Petitioner was provided a

full and fair opportunity to raise his Fourth Amendment challenges, the Court will not

revisit that issue.  The Court, therefore, considers Petitioner's sufficiency of the evidence

claim in light of all the evidence presented at trial.

"[T]he Due Process Clause protects the accused against conviction except upon

proof beyond a reasonable doubt of every fact necessary to constitute the crime with

which he is charged."  In re Winship, 397 U.S. 358, 364 (1970).  On direct review, review

of a sufficiency of the evidence challenge must focus on whether "after viewing the

evidence in the light most favorable to the prosecution, *any* rational trier of fact could

have found the essential elements of the crime beyond a reasonable doubt."  Jackson v.

Virginia, 443 U.S. 307, 319 (1979) (emphasis in original).  In the habeas context, "[t]he

Jackson standard must be applied 'with explicit reference to the substantive elements of

7

the criminal offense as defined by state law.'" Brown v. Palmer, 441 F.3d 347, 351 (6th
Cir. 2006) (quoting Jackson, 443 U.S. at 324 n.16).

"Two layers of deference apply to habeas claims challenging evidentiary
sufficiency." McGuire v. Ohio, 619 F.3d 623, 631 (6th Cir. 2010) (citing Brown v.
Konteh, 567 F.3d 191, 204-05 (6th Cir. 2009)).  First, the Court "must determine whether,
viewing the trial testimony and exhibits in the light most favorable to the prosecution, any
rational trier of fact could have found the essential elements of the crime beyond a
reasonable doubt." Brown, 567 F.3d at 205, (citing Jackson, 443 U.S. at 319).  Second, if
the Court were "to conclude that a rational trier of fact could not have found a petitioner
guilty beyond a reasonable doubt, on habeas review, [the Court] must still defer to the
state appellate court's sufficiency determination as long as it is not unreasonable." Id.

Under Michigan law, the elements of second-degree home invasion are that the
defendant "(1) entered a dwelling, either by breaking and entering or entering without
permission, (2) with the intent to commit a felony or a larceny in the dwelling." People v.
Nutt, 677 N.W.2d 1, 16 (2004) (citing Mich. Comp. Laws § 750.110a(3)).  The Michigan
Court of Appeals held that the evidence presented amply supported Petitioner's
conviction.  Petitioner was pulled over shortly after the home invasion.  Jewelry and coins
found in a pillow case in Petitioner's car were identified by the victim as coming from her
home.  Additionally, a single glove found in Petitioner's car matched a glove found in the
driveway of the Sherbine's home.

"A reviewing court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the trial court." Matthews v. Abramajtys, 319 F.3d 780, 788 (6th Cir. 2003), (citing Marshall v. Lonberger, 459 U.S. 422, 434 (1983)). "A reviewing court 'faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" McDaniel v. Brown, 558 U.S. 120, 133 (2010), (quoting Jackson, 443 U.S. at 326). The decision of the Michigan Court of Appeals easily passes scrutiny under the deferential AEDPA standard, as the appellate court applied the correct constitutional test, relied on facts amply supported in the record, and did not unreasonably apply clearly established constitutional law.

## V.

For the reasons stated, the petition for a writ of habeas corpus is DENIED. Furthermore, reasonable jurists would not debate the Court's assessment of Petitioner's claims, nor conclude that the issues deserve encouragement to proceed further. The Court therefore DENIES a certificate of appealability under 28 U.S.C. § 2253(c)(2). See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

SO ORDERED.

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

Dated: May 29, 2014

9

CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon the Petitioner

via ordinary U.S. Mail and Counsel for the Respondent, electronically.

s/Bernadette M. Thebolt

Case Maanager